**TRENK, DiPASQUALE, WEBSTER,**
  **DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue – Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Anthony Sodono, III, Esq. (AS9426)
*Counsel for Ifeoma Ezekwo,*
   *Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>IFEOMA EZEKWO,<br><br>　　　　　Debtor. | Case No.: 08-17247 (DHS)<br><br>Chapter 11 |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

**IFEOMA EZEKWO,** Debtor and Debtor-in-Possession ("Debtor"), by and through her counsel, Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C., respectfully submits her First Amended Plan of Reorganization (hereinafter referred to as the "Plan").

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**TRENK, DiPASQUALE, WEBSTER,**
　　　　　　　　　　　　　　　　 **DELLA FERA & SODONO, P.C.**
　　　　　　　　　　　　　　　　Counsel to Ifeoma Ezekwo, Debtor and
　　　　　　　　　　　　　　　　 Debtor-in-Possession


　　　　　　　　　　　　　　　　By:　/s/ Anthony Sodono, III
　　　　　　　　　　　　　　　　　　　ANTHONY SODONO, III

Dated: March 2, 2009

## **TABLE OF CONTENTS**

**Page**

ARTICLE I  DEFINITIONS .................................................................................................... 1

ARTICLE II  PROVISION FOR ADMINISTRATIVE EXPENSES AND
        PRIORITY CLAIMS ..................................................................................................5

ARTICLE III  DESIGNATION OF CLASSES, TREATMENT AND
        IMPAIRMENT OF CLAIMS AND INTERESTS .......................................................6

ARTICLE IV  IMPLEMENTATION OF THE PLAN ..................................................................10

ARTICLE V  CRAMDOWN.......................................................................................................... 11

ARTICLE VI  EXECUTORY CONTRACTS ...............................................................................11

ARTICLE VII  MANAGEMENT OF THE REORGANIZED DEBTOR.....................................11

ARTICLE VIII  RETENTION OF JURISDICTION ....................................................................11

ARTICLE IX  RELEASE OF CLAIMS AND EFFECT OF CONFIRMATION..........................13

ARTICLE X  MISCELLANEOUS PROVISIONS.......................................................................15

ARTICLE XI  MODIFICATION OF THE PLAN ........................................................................16

ARTICLE XII  CLOSING OF CASE ............................................................................................17

ARTICLE XIII  REQUEST FOR CONFIRMATION ................................................................. 17

# ARTICLE I

# DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meanings:

1.1     <u>Administrative Expense Claim</u>.  Administrative Expense Claim shall mean a Claim for payment of any costs or expenses of administration of the Case incurred after the Filing Date allowable under §§ 503(b) or 507(a)(1) of the Bankruptcy Code, including without limitation: (a) the actual and necessary expenses of preserving the Estate; (b) the actual and necessary expenses of operating the business of the Debtor (such as wages, salaries, or commissions for services rendered, or severance, bonuses, or other amounts due and payable to employees of the Debtor pursuant to any Bankruptcy Court order); (c) indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of her business, ownership of real properties, the acquisition or lease of property, or the rendition of services to the Debtor; (d) allowances of compensation for legal and other services and reimbursement of expenses awarded pursuant to §§ 330(a), 331, and 503(b) of the Bankruptcy Code; (e) any amounts necessary to cure defaults under assumed leases pursuant to § 365(b)(1)(A) of the Bankruptcy Code; and (f) all fees or charges assessed against the Estate under § 1930, Title 28, United States Code; provided, however, that an Exempt Tax shall not be an Administrative Expense Claim.  Costs and expenses incurred by the Debtor after the Effective Date shall be paid in the ordinary course.

1.2     <u>Allowed</u>.  When used in connection with any Claim shall mean a Claim against the Debtor pursuant to § 502 of the Code to the extent that:  (a) a Proof of Claim was timely filed, deemed filed or with leave of the Bankruptcy Court or without objection by the Debtor was filed late, and (b) as to which either (i) a party in interest, including Debtor, does not timely file an

objection, or (ii) is allowed by a Final Order; unless otherwise provided hereinafter in this Plan. This includes all Claims filed pursuant to §§ 501(b), 521 and 1106 of the Code.

    1.3    <u>Anniversary</u>.  The first business day one (1) year after the Effective Date.

    1.4    <u>Assets</u>.  Assets shall mean all property of the Estate.

    1.5    <u>Ballots</u>.  Ballots shall mean the ballots accompanying the Disclosure Statement and Plan upon which impaired Creditors and Interest Holders shall have indicated their acceptance or rejection of the Plan.

    1.6    <u>Bankruptcy Code or Code</u>.  Bankruptcy Code or Code shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code, 11 U.S.C. §§ 101 to 1330, <u>et</u> <u>seq</u>.

    1.7    <u>Bankruptcy Court or Court</u>.  The United States Bankruptcy Court for the District of New Jersey acting in this Case.

    1.8    <u>Bankruptcy Rules</u>.  Bankruptcy Rules shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Case.

    1.9    <u>Bar Date</u>.  Bar Date is the last date for filing Claims as fixed by the Court.

    1.10    <u>Business Day</u>.  Business Day means any day except Saturday, Sunday, or a "legal holiday," as such term is defined in Bankruptcy Rule 9006(a).

    1.11    <u>Case</u>.  The Chapter 11 bankruptcy proceeding of Ifeoma Ezekwo.

    1.12    <u>Cash</u>.  Cash means cash and cash equivalents held by the Debtor.

    1.13    <u>Claim or Claims</u>.  All claims as defined in Section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101, <u>et</u> <u>seq</u>.

    1.14    <u>Collateral</u>.  Collateral means any property or interest in property of the Estate that secures an Allowed Secured Claim.

1.15    Confirmation Order.    The Bankruptcy Court's order confirming the Plan in accordance with Chapter 11 which has become a Final Order.

1.16    Consummation of Plan.    The accomplishment of all things contained or provided for in this Plan.

1.17    Creditor.    All persons, corporations, partnerships or business entities holding Claims against the Debtor.

1.18    Debtor or Debtor-in-Possession.    Ifeoma Ezekwo.

1.19    Disbursing Agent.    Disbursing Agent means the Reorganized Debtor.

1.20    Distribution Date.    The later of the following (i) the first business day not less than thirty (30) days after entry of a Final Order or (ii) the date set forth in this Plan.

1.21    Disputed Claim.    Disputed Claim means a Claim that is not an Allowed Claim.

1.22    Effective Date.    The first day of the month following thirty (30) days after the Confirmation Order is entered.

1.23    Estate.    Estate means the estate created upon the commencement of the Case as to the Debtor by § 541 of the Bankruptcy Code.

1.24    Exempt Tax.    Exempt tax means any stamp, recording, or similar tax or charge (including any penalties, interest, or additions thereto) within the meaning of § 1146(c) of the Bankruptcy Code which may be imposed by the laws of the state upon the transactions contemplated under, or necessary for the success of, the Plan, including without limitation, any mortgage recording, securities transfer, deed transfer, documentary transfer, or gains taxes.

1.25    Filing Date.    April 22, 2008, the date on which the Case was commenced.

1.26    Final Order.    An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari or

3

seek reargument or rehearing has expired and as to which no appeal, reargument, petition for certiorari or rehearing is pending, or as to which any right to appeal, reargue, petition for certiorari or rehearing has been waived in writing, or if an appeal, reargument, certiorari or rehearing thereof has been sought, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order was appealed or from which the reargument or rehearing was sought, or certiorari has been denied and the time to take any further appeal or to seek certiorari or further reargument or rehearing has expired.

1.27    General Unsecured Claim.  General Unsecured Claim means any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date and which is not a Claim or an Interest in any other class under the Plan.

1.28    Holder.  Holder means any entity holding a Claim or Interest and includes the beneficial Holder of such Claim or Interest.

1.29    Insider.  Insider means an "insider" within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code.

1.30    Interest or Interests.  The rights afforded the Holder of a preferred or common stock in the Debtor.

1.31    Local Rules.  Local Rules means the Local Bankruptcy Rules of the District of New Jersey, as applicable to the Case.

1.32    New Value Contribution.  Money or monies contributed to fund the Plan upon the Effective Date.

1.33    Plan.  This Plan of Reorganization filed by the Debtor.

1.34    Priority Claim.  Priority Claim means any Claim to the extent entitled to priority in payment under §§ 507(a)(2) through (7) and (9) of the Bankruptcy Code.

1.35     Priority Tax Claim.  Any Claim of any federal, state, local or other taxing entities that are entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

1.36     Proof of Claim or Proof of Interest.  These terms shall mean a filed proof of claim or proof of interest under the Bankruptcy Code and Bankruptcy Rules.

1.37     Reorganized Debtor.  The Debtor from and after the entry of a Confirmation Order herein.

1.38     Schedules.  Schedules means the Schedules of Assets and Liabilities and Statements of Executory Contracts and Financial Affairs filed by the Debtor in accordance with the Bankruptcy Rules, as amended.

1.39     Secured Claim.  A Claim against the Debtor asserted by a Creditor who holds a valid, perfected security interest in assets of the Debtor having a value sufficent to collateralize at least a portion of such Claim.  The Secured Claim must be allowed within the provisions of Bankruptcy Code § 502 and Bankruptcy Rule 3007.

## ARTICLE II

### PROVISION FOR ADMINISTRATIVE EXPENSES AND PRIORITY CLAIMS

2.1     All Allowed Administrative Expense Claims shall be paid in full on the Effective Date, provided, however, that Administrative Expense Claims representing post-Filing Date liabilities incurred in the ordinary course of the Debtor's business will be paid by the Reorganized Debtor in accordance with the terms and conditions of each transaction pursuant to which such obligation was incurred, and except that any Holder of an Administrative Expense Claim which represents compensation or reimbursement that must be established by Court order under §§ 503(b)(2), (b)(3), or (b)(4) of the Bankruptcy Code shall be paid in full in such amounts as are Allowed by the Court upon the later of confirmation of the Plan or the entry of an order

allowing such Claim, or thereafter upon such other terms as may be mutually agreed upon between the Reorganized Debtor and the Holders of Administrative Expense Claims.

2.2     Allowed Priority Tax Claims shall be paid in full on the Effective Date or, in the Debtor's sole discretion, shall be paid in full within six (6) years from the Effective Date. Payments over time, if any, shall be made in equal annual installments commencing on the Effective Date.

## ARTICLE III

### DESIGNATION OF CLASSES, TREATMENT AND IMPAIRMENT OF CLAIMS AND INTERESTS

3.1     All Allowed Claims against the Debtor, whether or not scheduled, liquidated, unliquidated, absolute or contingent, are hereby classified as follows:

(i)     <u>Class 1</u>. Class 1 consists of the Allowed Secured Claim of Chase in the amount of $139,002.26. This claim will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with Chase, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

(a)     The Allowed Class 1 Claim is impaired.

(b)     The Allowed Class 1 Claim shall be fixed by Stipulation consented to by Chase or as fixed by the Court.

(ii)     <u>Class 2</u>. Class 2 consists of the Allowed Secured Claim of Wachovia in the amount of $99,151.45. This claim will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten

6

(10), the Debtor will re-negotiate the mortgage with Wachovia, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

    (a)    The Allowed Class 2 Claim is impaired.

    (b)    The Allowed Class 2 Claim shall be fixed by Stipulation consented to by Wachovia or as fixed by the Court.

    (iii)    <u>Class 3</u>. Class 3 consists of the Allowed Secured Claim of IndyMac in the amount of $315,000.00. This claim will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with IndyMac, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

    (a)    The Allowed Class 3 Claim is impaired.

    (b)    The Allowed Class 3 Claim shall be fixed by Stipulation consented to by IndyMac or as fixed by the Court.

    (iv)    <u>Class 4</u>. Class 4 consists of the Allowed Secured Claim of Deutsche Bank National Trust Company ("Deutsche Bank"), as transferee of Franklin Credit in the amount of $80,500. This claim will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with Deutsche Bank, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

    (a)    The Allowed Class 4 Claim is impaired.

     (b) The Allowed Class 4 Claim shall be fixed by Stipulation consented to by Franklin Credit or as fixed by the Court.

    (v) <u>Class 5</u>. Class 5 consists of the Allowed Secured Claims of CitiBank in the amount of $621,898.00. These claims will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with CitiBank, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

     (a) The Allowed Class 5 Claims are impaired.

     (b) The Allowed Class 5 Claims shall be fixed by Stipulation consented to by CitiBank or as fixed by the Court.

    (vi) <u>Class 6</u>. Class 6 consists of the Allowed Secured Claims of Bayview in the amount of $418,000. These claims will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with Chase, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

     (a) The Allowed Class 6 Claims are impaired.

     (b) The Allowed Class 6 Claims shall be fixed by Stipulation consented to by Bayview or as fixed by the Court.

    (vii) <u>Class 7</u>. Class 7 consists of the Allowed Secured Claim of Washington Mutual in the amount of $770,000. This claim will be satisfied over ten (10) years based upon a thirty (30) year amortization schedule, with interest fixed at five and one-half

percent (5.5%) per annum, with payments commencing on the Effective Date. At the end of year ten (10), the Debtor will re-negotiate the mortgage with Washington Mutual, effectuate a balloon payment, obtain new financing or sell the Property to satisfy the debt due at the end of year ten (10).

        (a)    The Allowed Class 7 Claim is impaired.

        (b)    The Allowed Class 7 Claim shall be fixed by Stipulation consented to by Washington Mutual or as fixed by the Court.

        (viii)    <u>Class 8</u>. Class 8 consists of the Allowed Secured Claim of HSPC. This claim will be satisfied in full in the total amount of $15,000, over a five (5) year schedule based upon equal monthly payments of $250, with payments commencing on the Effective Date.

        (a)    The Allowed Class 8 Claim is impaired.

        (b)    The Allowed Class 8 Claim shall be fixed by Stipulation consented to by HSPC or as fixed by the Court.

        (ix)    <u>Class 9</u>. Class 9 consists of the Allowed Unsecured Claims. Allowed unsecured claims will receive a ten (10%) percent dividend. Payments to allowed Unsecured Claims will be made quarterly for seventy-two (72) months, with payments commencing on the Effective Date.

        (a)    The Allowed Class 9 Claims are impaired.

        (b)    The Allowed Class 9 Claims shall be subject to a motion pursuant to <u>R.</u> 3007 and 11 U.S.C. § 502.

    3.2    <u>De Minimus Payments</u>. No payment shall be required to be made to a Creditor in Class 9 unless the payment is at least $25.00.

3.3    <u>Acceptance or Rejection of Plan</u>.  All Claims and Interests in Classes 1 through 9 are impaired and Creditors and Interest Holders.  Each impaired class of Creditors with Claims against the Estate shall be entitled to vote separately to accept or reject the Plan.  A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such class that have accepted or rejected the Plan.

3.4    <u>Procedures for Resolving Contested Claims</u>.  Any objections to Claims and Interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor, the Liquidation Trustee or any party-in-interest up to and including sixty (60) days following entry of the Confirmation Order.  With respect to disputed Claims or Interests, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

## ARTICLE IV

## IMPLEMENTATION OF THE PLAN

4.1    The funds necessary for funding this Plan will be derived from funds on hand on the Effective Date, the cash generated by the Debtor in her medical eye care practice, and rental income from the various rental properties that the Debtor owns.

4.2    The Reorganized Debtor shall serve as the Disbursing Agent for the purposes of making all distributions required hereunder.  The Disbursing Agent will file with the Bankruptcy Court or the Office of the United States Trustee, as applicable, all statements and other post-confirmation information required by the Local Rules.

# ARTICLE V

## CRAMDOWN

5.1  In the event that any Class of impaired Claims or Interests rejects the Plan, the Debtor shall request confirmation of the Plan pursuant to the "cram down" provisions of § 1129(b) of the Bankruptcy Code.

# ARTICLE VI

## EXECUTORY CONTRACTS

6.1  All unexpired leases or executory contracts not otherwise rejected prior to the Effective Date, or subject to a motion to reject pending on the Effective Date, shall be deemed assumed upon the Effective Date.

# ARTICLE VII

## MANAGEMENT OF THE REORGANIZED DEBTOR

7.1  The Reorganized Debtor will manage her assets and satisfy any liabilities through her post-petition operations and revenues through her medical eye care center and through her ownership and management of the various rental properties.

# ARTICLE VIII

## RETENTION OF JURISDICTION

8.1  The Bankruptcy Court shall retain jurisdiction of this Case pursuant to the provisions of Chapter 11 of the Code, pending the final allowances or disallowances of all Claims affected by the Plan, and with respect to the following matters:

(a)  To enable the Debtor to consummate the Plan and to resolve any disputes arising therefrom;

(b)  All issues involving the Debtor's lease(s) and leasehold interest(s);

(c)  All Claims issues;

(d) To adjudicate all controversies concerning the classification, estimation or allowance of any Claim or Interest herein;

(e) To make such orders as are necessary or appropriate to implement the provisions of this Plan;

(f) To determine the classification, estimation and priority of all Claims against or Interests in the Debtor and to re-examine any Claims which may have been allowed;

(g) To determine applications for the rejection or assumption of executory contracts or unexpired leases pursuant to the provisions of this Plan which are not determined prior to the confirmation date and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Court may direct;

(h) To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan;

(i) To conduct hearings on valuation, as necessary, and to determine whether any party in interest is entitled to recover against any entity any Claim, whether arising under Section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise;

(j) To hear and determine all applications for compensation and other Administrative Expenses;

(k) To hear and determine any and all pending adversary proceedings or contested matters;

(l) To determine all causes of action which may exist in favor of the Debtor;

(m) To determine any modification of the Plan after confirmation pursuant to Section 1127 of the Code;

(n) To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor under the Plan;

(o) To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules;

(p) To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(q) To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of Bankruptcy Court in the Case entered on or before the Plan confirmation date;

(r) To hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(s) To hear and determine any and all objections to payments under the Plan;

(t) To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(u) To adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

(v) To adjudicate all causes of action to recover all assets and properties of the Debtor wherever located;

(w) To enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions on such title rights and powers as the Bankruptcy Court may deem necessary or appropriate; and

(x) To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof.

## ARTICLE IX

### RELEASE OF CLAIMS AND EFFECT OF CONFIRMATION

9.1    Except as otherwise expressly provided for in this Plan, the distributions and rights afforded in the Plan shall be complete and full satisfaction, discharge and release, effective as of the Effective Date, of all Claims against the Debtor or any of her assets or properties of any nature whatsoever.  Commencing on the Effective Date, except as otherwise expressly provided for in this Plan, all Creditors shall be precluded forever from asserting against the Debtor, and

her respective agents, representatives, employees, principals, members, officers, shareholders, financial advisors, accountants, attorneys, or employees and their respective assets and properties any other or further liabilities, liens, Claims, encumbrances, obligations, or Interests, including but not limited to all principals and accrued and unpaid interest on the debts of the Debtor based on any act or omission, transaction or other activity or security instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date, that was or could have been the subject of any Claim or Interest, whether or not Allowed.

       9.2     On and after the Effective Date, as to every Claim, every Holder of a Claim shall be precluded from asserting against the Debtor, and her respective agents, representatives employees, principals, officers, members, shareholders, financial advisors, accountants, attorneys or employees and her respective assets and/or properties any further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

       9.3     Pursuant to Bankruptcy Rule 9019, confirmation of the Plan shall constitute, and all consideration distributed under this Plan shall be in exchange for and in complete satisfaction, settlement, and release of and an injunction against, all as of the Effective Date, any and all Claims, demands, allegations or causes of action, against the Debtor and his respective agents, representatives, officers, shareholders, members, employees, financial advisors, accountants, attorneys, or employees for any liability for actions taken or omitted to be taken in good faith under or in connection with the Plan or in connection with the Case or the operation of the Debtor during the pendency of the Case.

       9.4     Upon the entry of the Confirmation Order, the provisions of this Plan shall become binding upon the Debtor, all Creditors and all Interest Holders, whether the Claims and Interests of

such Creditors and Interest Holders are impaired hereunder, or whether such Creditors or Interest Holders accept or reject the treatment hereunder of their Claims and Interests, respectively.

## ARTICLE X

## MISCELLANEOUS PROVISIONS

10.1    Exculpation.    Neither the Debtor, nor any of her respective agents, representatives, directors, officers, employees, members, shareholders, professionals (including counsel and accountants), shall have or incur any liability to any Creditor of any act, omission, transaction or other activity of any kind or nature in connection with, or arising out of the Case, the confirmation or consummation of the Plan or the administration of the Plan or property to be distributed under the Plan, except for willful misconduct or gross negligence.  In all respects, each of the foregoing entities shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and shall be fully protected in acting or in refraining from action in accordance with such advise.

10.2    Payment Dates.    If any payment or act under the Plan is required to be made or falls on a date which is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

10.3    Notices.    Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid, or by hand delivery, addressed as follows:

If to the Debtor, to:

        Ifeoma Ezekwo
        300 Windsor Road
        Englewood, NJ 07631

  <u>With a copy to</u>:

    Trenk, DiPasquale, Webster,
     Della Fera & Sodono, P.C.
    347 Mt. Pleasant Avenue
    Suite 300
    West Orange, NJ  07052
    Attention:  Anthony Sodono, III, Esq.

  10.4 All payments, notices and requests to Creditors and Interest Holders shall be sent to them at their last known address.  The Debtor or any Creditor or Interest Holder may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing.  Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

  10.5 <u>Payment of Statutory Fees</u>.  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid in accordance with the applicable statute and case law.

  10.6 <u>Headings</u>.  The headings in this Plan are for the convenience of reference only and shall not limit or otherwise affect the meaning of the terms herein.

  10.7 <u>Successors and Assigns</u>.  The rights, duties and obligations of any person or entity named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person or entity.

## ARTICLE XI

## MODIFICATION OF THE PLAN

  11.1 The Debtor may amend or modify this Plan at any time prior to the entry of the Confirmation Order pursuant to Section 1127(a) of the Code.  After the entry of the Confirmation Order, the Debtor may, pursuant to Section 1127(a) and (b) of the Code and with the approval of the Court, modify or amend the Plan in a matter which does not materially or

adversely affect the interest of persons affected by the Plan without having to solicit acceptances of such modification, and may take such steps as are necessary to carry out the purpose and effect of the Plan as modified.

## ARTICLE XII

## CLOSING OF CASE

12.1    Upon substantial consummation of this Plan, the Case shall be closed. Nothing herein shall prevent the Debtor from completing or instituting such proceedings as may be necessary for the enforcement of any claim of the Debtor which may have existed against any third party before or which may exist after Confirmation which may have not been enforced or prosecuted prior to Confirmation. Payment of fees to the Office of the United States Trustee shall continue until closing of the case.

## ARTICLE XIII

## REQUEST FOR CONFIRMATION

13.1    The Debtor requests confirmation of the Plan in accordance with § 1129(a) or 1129(b) of the Bankruptcy Code.

/s/ Ifeoma Ezekwo
IFEOMA EZEKWO

Dated:  March 2, 2009

F:\WPDOCS\A-M\Ezekwo, Ifeoma\FirstAmendedPlan.doc